[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13415
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-61450-CV-WPD

H & R YACHT SERVICE, INC.,
a Florida Corporation,

                                        Plaintiff-Appellee,

versus

133' BROWARD MOTOR VESSEL,
"Serque" Ex "Providence" her
engines tackle, appurtenances,
spares and equipment appertaining
whether onboard or not, In rem,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 9, 2009)

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

The 133-foot vessel Broward Motor Yacht "Serque" ("Serque") appeals an in rem judgment against it on a claim brought by H&R Yacht Service ("H&R"), a boat repair company located in Fort Lauderdale, Florida. We affirm the district court's judgment.

## I. Background

In December 2007, H&R entered an oral contract with Elana Charters, LLC ("Elana"), the owner of the Serque, to fully service the Serque. Although the parties dispute the nature of the agreed-upon terms, the record indicates that H&R provided an estimate prior to the job and that Elana closely supervised H&R's work. During the course of the job, H&R was forced to repeat some of its work. H&R claims that this additional work was necessary because of damage by other contractors on the job. The Serque claims these alterations were the result of H&R's faulty work.

At the conclusion of H&R's work, H&R submitted a bill for $84,942.90. After Elana refused to pay, H&R brought an in rem claim against the Serque. H&R claimed that its repairs automatically entitled it to a maritime lien on the

Serque under 46 U.S.C. § 31342.[1]  H&R's action sought to foreclose on this lien to recover the cost of the repairs.  After a bench trial, the district court entered a judgment in rem against the Serque and awarded H&R $88,153.74 in damages and prejudgment interest.  The Serque appeals.

## II. Discussion

We review the legal conclusions of a district court sitting in admiralty de novo and its findings of fact for clear error.  Flagship Marine Services, Inc. v. Belcher Towing Co., 966 F.2d 602, 604 (11th Cir. 1992).

The Serque argues that H&R is not entitled to a maritime lien on the Serque because H&R charged an unreasonable amount for its repairs.  Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1249 (11th Cir. 2005) (holding that, to establish a maritime lien, the plaintiff must prove that it charged a reasonable price).  The Serque argues that H&R charged a flat rate of $75 per hour for each of its employees regardless of the nature of the work performed and level of skill required.  The Serque also argues that H&R should not be entitled to be paid for work which had to be repeated.  It argues that H&R is only entitled to recover under a theory of quantum meruit, entitling H&R to the reasonable amount for labor and materials furnished.

---

[1]One who furnishes "necessaries" to a vessel on the order of the owner is automatically entitled to a maritime lien for such repairs.  Necessaries include repairs.  46 U.S.C. § 31301(4).

3

For a maritime lien, a reasonable price is one that is "customary" and "in accord with prevailing charges for the work done and the materials furnished." Sweet Pea, 411 F.3d at 1249. Here, the district court found that H&R quoted a rate of $75 per hour, even though the industry standard was $80-90 per hour, prior to the work. Furthermore, the district court also found that H&R billed the Serque for 781 hours, even though it was later determined that H&R may have actually worked 808 hours. Finally, the district court found that H&R's bill reflected a 25 percent markup on parts, rather than the industry standard of 30 percent. The Serque has not disputed these findings, so we cannot say that they are clearly erroneous. Thus, we conclude that the price was reasonable and that the district court was correct in entering a judgment against the Serque.

Finally, the Serque argues that H&R breached its warranty of workmanlike service because certain repairs had to be repeated. The district court found, however, that Elana requested some of this duplication and other work was complicated by Elana's inadequate explanation of the blueprints to H&R. Because the Serque has not disputed these findings, we find no clear error and no breach of this warranty. Furthermore, even if H&R had breached this warranty, the Serque has cited no authority for the proposition that such a "breach" can defeat H&R's

4

maritime lien.

Accordingly, the judgment of the district court is

**AFFIRMED.**